IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| NATHAN DONTRION FINCH, ) <br> ID # 16055223, ) <br> Petitioner, ) <br> vs. ) <br>  ) <br> DALLAS COUNTY SHERIFF'S ) <br> DEPARTMENT, et al., ) <br> Respondents. ) | No. 3:16-CV-3543-B (BH) <br><br> Referred to U.S. Magistrate Judge |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION

By *Special Order 3-251*, this habeas case has been referred for findings, conclusions, and recommendation. Based on the relevant findings and applicable law, the petition for writ of habeas corpus under 28 U.S.C. § 2241 (doc. 3) should be **DISMISSED** as moot.

### I. BACKGROUND

Nathan Dontrion Finch (Petitioner) challenges his pretrial custody in the Dallas County Jail for Cause No. F16-45401 under 28 U.S.C. § 2241. The respondents are the Dallas County Sheriff Department and Lupe Valdez, the Dallas County Sheriff (Respondents).

While serving a sentence in the State of Georgia, on October 27, 2016, Petitioner was indicted for theft in the State of Texas. (*See* doc. 3 at 1; www. dallascounty.org (search for petitioner).) On December 30, 2016, Petitioner filed habeas petition under § 2241 challenging his extradition to Texas to face the theft charge on grounds that it violated the Interstate Agreement on Detainers Act (IADA). (*See* doc. 3 at 2.) Petitioner was convicted in Cause No. F16-45401 on February 21, 2017, and sentenced to 365 days' confinement in jail, with over four months' credit for pretrial incarceration. (*See* doc. 13-1 at 12). On March 1, 2017, Petitioner was released from the Dallas County Jail to an unspecified out-of-county agency. (*See id*. at 3, 5.)

In their response filed on March 10, 2017, Respondents assert that the petition should be

dismissed because Petitioner was convicted and sentenced in the theft case, and he is no longer confined in the Dallas County Jail. (*See* docs. 13; 13-1.)

## II. MOOTNESS

"Article III of the Constitution limits federal 'Judicial Power,' that is, federal-court jurisdiction, to 'Cases' and 'Controversies.'" *United States Parole Comm'n v. Geraghty*, 445 U.S. 388, 395 (1980). A case becomes moot "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Id*. at 396 (quoting *Powell v. McCormack*, 395 U.S. 486, 496 (1969)).

> This case-or-controversy requirement subsists through all stages of federal judicial proceedings, trial and appellate. . . . The parties must continue to have a 'personal stake in the outcome' of the lawsuit. This means that, throughout the litigation, the plaintiff "must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision."

*Spencer v. Kemna*, 523 U.S. 1, 7 (1998) (citations omitted).

A habeas action under 28 U.S.C. § 2241 is the proper vehicle for challenging pretrial custody. *See Stringer v. Williams*, 161 F.3d 259, 262 (5th Cir. 1998); *Mackey v. Dretke*, 2004 WL 2958382 (N.D. Tex. Dec. 21, 2004); *Lewis v. Bowles*, 2002 WL 307442 (N.D. Tex. Feb. 21, 2002). Because Petitioner has been convicted and sentenced, he is no longer in pretrial custody, and his § 2241 petition is moot. *See Agnew v. Waybourn*, No. 4:17-CV-793-Y, 2018 WL 3770273 (N.D. Tex. Aug. 9, 2018) (§ 2241 petition challenging pretrial custody rendered moot by conviction); *see also Miller v. Glanz*, 331 F. App'x 608, 610 (10th Cir. 2009) (§ 2241 petition challenging pretrial custody based on violation of IADA rendered moot by conviction).

## III. RECOMMENDATION

The petition for habeas corpus relief under 28 U.S.C. § 2241 should be **DISMISSED** as

moot.

**SIGNED this 13th day of August, 2018.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE